IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELLOYD JOHNSON )<br>    ID # 840854, )<br>        Petitioner, )<br>vs. )<br> )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:16-CV-55-M (BH)<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Leave for Relief from a Judgment, Order, Clerical Mistake and Misconduct by an Opposing Party Under Rule 60(a) and (b) of Fed. R. Civ. Proc.*, received on November 21, 2017 (doc. 29). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

After the petitioner pled not guilty, he was convicted of delivery of cocaine on August 7, 1998, in Cause No. F98-00897 in the 195th Judicial District Court of Dallas County, Texas, and sentenced to 99 years imprisonment. (Pet. at 2-3; *see also* www.tdcj.state.tx.us, search for petitioner). His conviction and sentence were affirmed on direct appeal. *Johnson v. State*, No. 05-98-1387-CR, 2000 WL 257804 (Tex. App.–Dallas March 9, 2000, pet. ref'd). He has since filed seven unsuccessful state applications for writ of habeas corpus. *See Ex parte Johnson*, 2013 WL 2118799 (Tex. Crim. App. May 15, 2013). Five attacked the same conviction.

The petitioner's *Leave to Bring in Third-Party Defendant under Rule 14(b) Fed. R. C. Proc.*, received on December 22, 2015 (doc. 32), was construed as another challenge to his state conviction

for delivery of cocaine, and he was directed to file a 28 U.S.C. § 2254 habeas petition on the appropriate form. (*See* doc. 4). His subsequent amended petition was transferred to the United States Court of Appeals for the Fifth Circuit as a successive petition. (Doc. 14.) The Fifth Circuit denied authorization to file a successive petition, imposed a $100 sanction, and barred the petitioner from challenging his state conviction until he paid the sanction, or a court granted leave for such a challenge. (Doc. 20.) His appeal from the judgment transferring the petition was dismissed as untimely. (Doc. 22.) His motion for discovery was denied, and his appeal from that order was dismissed for lack of jurisdiction. (*See* docs. 24, 27). He now seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure on grounds that his original filing should not have been construed as a habeas petition.

## II. RULE 60(b)

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

In order to "prevail on a motion for reconsideration under Rule 60(b)(2), 'based on newly discovered evidence ... a movant must demonstrate: (1) that it exercised due diligence in obtaining

the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Howard v. Mercedes–Benz USA, LLC*, No. H–10–3373, 2012 WL 5464963, at *2 (S.D. Tex. Nov. 8, 2012) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir.2005)).

In *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

The petitioner's Rule 60(b) motion challenges the failure to reach the merits of his original claims on a procedural basis, so it is not construed as a successive habeas petition. Because his original filing challenged his state conviction for delivery of cocaine, it was properly construed as a habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973) (a habeas petition under 28 U.S.C. § 2254 is the appropriate vehicle to challenge a state court conviction on the grounds that the petitioner is in custody in violation of the

3

Constitution or federal laws). The petitioner was notified of, and did not challenge, the determination that he was challenging his state conviction, and that the challenge was properly brought as a § 2254 petition. (*See* docs. 4, 5.) He subsequently had two opportunities to argue in the Fifth Circuit Court of Appeals that his filing should not have been construed as a habeas case: the first was when the Fifth Circuit considered whether to authorize the successive petition, and the second was when he sought to appeal from the judgment. He has not shown that there is a basis for relief under Rule 60(b), and his motion should be denied.

To the extent that the Rule 60(b) motion can be construed as a successive habeas petition, he has not shown that the Fifth Circuit has authorized a successive petition. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The motion should be denied and should not be transferred to the Fifth Circuit as a successive petition, because he has not shown that he has paid the $100 sanction, or that a court has granted leave to file a successive petition.

### III. RECOMMENDATION

The motion (doc. 29) should be **DENIED**.

**SIGNED this 27th day of November, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE