IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ELLOYD JOHNSON**<br>    **ID # 840854,**<br>        Petitioner,<br>vs.<br><br>**WILLIAM STEPHENS, Director,**<br>**Texas Department of Criminal**<br>**Justice, Correctional Institutions Division,**<br>        Respondent, | No. 3:16-CV-55-M (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case was referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Leave to Reconsider the Denial of Certificate of Appealability*, received on January 4, 2018 (doc. 33). Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On December 22, 2015, the Court received a filing from Elloyd Johnson (Petitioner) entitled, *Leave to Bring in Third-Party Defendant under Rule 14(b) Fed. R. C. Proc.,* that was construed as a challenge to his state conviction for delivery of cocaine, and he was directed to file a 28 U.S.C. § 2254 habeas petition on the appropriate form. (*See* docs. 3, 4.). His subsequently filed petition was transferred to the United States Court of Appeals for the Fifth Circuit as a successive petition. (*See* docs. 9, 13, 14.) The Fifth Circuit denied authorization to file a successive petition, imposed a $100 sanction, and barred the petitioner from challenging his state conviction until he paid the sanction or a court granted leave for such a challenge. (*See* doc. 20.) His appeal from the judgment transferring the petition was dismissed as untimely. (*See* doc. 22.) His motion for discovery was denied (doc. 24), and his appeal from that order was dismissed for lack of jurisdiction (doc. 27). His

Rule 60(b) motion was also denied.  (*See* doc. 32.)  He now seeks a certificate of appealability.

## II.  CERTIFICATE OF APPEALABILITY

This Court previously denied a certificate of appealability in this case in an order dated December 15, 2017 (doc. 32).  Petitioner is not entitled to a certificate of appealability for the same reasons that he was previously denied a certificate of appealability, as set forth in that prior order.  Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

## III.  RECOMMENDATION

Petitioner's motion for a certificate of appealability should be **DENIED**.

**SIGNED on this 5th day of January, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE